OPINION OF THE COURT
Lawrence E. Kahn, J.
This litigation seeks a declaration that Prudential Property and Casualty Insurance Company (Prudential) is required to defend and indemnify plaintiff in a lawsuit commenced by Helen Waters, arising out of an automobile accident which occurred on or about November 6, 1987. It also seeks a *661 declaration that the decision of an uninsured motorist arbitration panel, dated October 12, 1988, collaterally estops Prudential from litigating the issue of whether it may disclaim coverage in the Waters’ action. The panel found that Prudential had not sustained its disclaimer of coverage. Presently, plaintiff has moved for summary judgment.
As aforesaid, on November 6, 1987, plaintiff was involved in an automobile accident in which Helen J. Waters allegedly sustained personal injuries. Prudential denied insurance coverage to plaintiff, contending that it had sent him a notice of cancellation on January 5, 1987. Pursuant to the New York Uninsured Motorist Arbitration Agreement, Waters’ insurer (Nationwide Insurance) commenced a voluntary arbitration proceeding against Prudential. On or about October 12, 1988, the arbitration panel determined that Prudential had not properly canceled plaintiff’s insurance policy and that the denial of coverage was ineffective. Thereafter, plaintiff commenced this litigation, asserting that, although he was not a party thereto, he is entitled to the benefits thereof in that the decision collaterally estops Prudential from now litigating the question of its January 5,1987 disclaimer.
The rules which govern the uninsured motorist arbitration process provide that any. decision of a panel "is not res judicata to the same or similar issues in companion claims or any other claim between the arbitrating companies. It is conclusive only of the controversy and the claims submitted to the panel and has no legal or moral effect on any other claim or suit arising out of the same accident or occurrence.” Prudential argues that this language precludes any collateral estoppel effect, that it entered into the arbitration process specifically upon that expectation and that had it thought otherwise, it would not have participated.
In this court’s view, the determinative case is Matter of American Ins. Co. (Messinger — Aetna Cas. & Sur. Co.) (43 NY2d 184). Upon a similar set of facts, the Court of Appeals reviewed the history and intent relative to intercompany arbitration, acknowledging that the practice is relied upon by the insurance industry for the efficient disposition of internal controversies. The court noted that the process enables the insurance industry "to resolve disputes which otherwise would have been forced into the court system with a resultant increase in court congestion coupled with substantial increase in the cost of disposing of minor claims. These proceedings * * * have long had the salutary effect of alleviating court *662 congestion in New York State. The inter-company arbitration determinations have handled in an expeditious and informal manner disputes existing between carriers, with no recourse had to the courts.” (Supra, at 189.) Therein, the majority opinion favorably affirmed the principle that an appropriate provision in the master arbitration contract may properly provide that such awards "shall have no carry-over effect.” (Supra, at 193.) The rules of the New York Uninsured Motorist Arbitration Agreement contain precisely such language. Thus, it is without doubt that neither party to the arbitration decision may actively invoke it upon the issue of estoppel. However, plaintiff asserts that since he is not bound by the terms of the Master Arbitration Agreement, he can affirmatively use the arbitration decision against Prudential in this declaratory judgment action. In support of this position, he seeks to rely upon additional language in the American Ins. Co. decision (supra, at 194), which indicates that while "the parties themselves can formulate their own contractual restrictions on carry-over estoppel effect * * * [t]hey cannot, of course, impose similar limitations which would impair or diminish the rights of third persons.” Plaintiff’s reliance upon this language is misplaced. It is true that if Prudential had received a favorable decision from the panel, this plaintiff would not be bound thereby. However, this plaintiff may likewisé, not use an unfavorable result against Prudential in this subsequent litigation. Simply put, the shield may not become a sword. Prudential, by voluntarily entering into a contractual agreement for arbitration, did so upon specific reservation of its right to litigate in any other claim or suit arising out of the same accident or occurrence. Thus, it is without doubt that it had no intent or expectation that any adverse determination would result in collateral estoppel. Giving collateral estoppel effect to such determinations of minor property damage dispute decisions rendered as the result of voluntary arbitration between insurance companies could very well destroy the entire voluntary arbitration system "if it must fear that the results of that arbitration may return to haunt it in a subsequent personal injury action involving substantially higher amounts.” (Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], supra, at 200-201 [Gabrielli, J., dissenting].)
Plaintiff’s motion for summary judgment declaring that defendant is collaterally estopped from asserting that it has validly disclaimed coverage shall be denied. Defendant shall *663 be granted summary judgment dismissing that part of the complaint which asserts that the defendant is collaterally estopped by the decision of the uninsured motorist arbitration panel. In rendering its opinion, the court has made no findings with respect to whether the plaintiff received a proper notice of cancellation, as a determination of that issue, on the submissions presently before the court, is premature.